1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4  CHRISTINA McCALL (CABN 234139)
   Assistant United States Attorney
5
6     1301 Clay Street, Suite 340S
      Oakland, California 94612
7     Telephone: (510) 637-3680
      christina.mccall@usdoj.gov
8
   Attorneys for United States of America

**FILED**

MAY 24 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 4-19-70812 |
| Plaintiff, | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(C)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| MYRON MOTLEY, | |
| Defendant. | |

Please take notice, pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure, that the above-named defendant was arrested in the Northern District of California with a pending arrest warrant (attached), issued in connection with an Indictment (case number 19-cr-00027) filed in the District of Nevada on May 23, 2019, a copy of which is attached to this Notice. The penalties for the crimes alleged in the indictment against the above-named defendant are:

<u>Count Two: Distribution of oxycodone, in violation of Title 21, United States Code, Sections 842(a)(1) and (b)(1)(C).</u>

20 Years' Imprisonment
$1,000,000 Fine
At least 3 Years' Supervised Release
$100 Special Assessment
Forfeiture

NOTICE OF OUT-OF-DISTRICT CRIMINAL CHARGES

1  DATED: May 24, 2019						Respectfully submitted,

2										DAVID L. ANDERSON
										United States Attorney
3

4										CHRISTINA McCALL
										Assistant United States Attorney

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF OUT-OF-DISTRICT CRIMINAL CHARGES

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nevada

FILED ✓ / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
MAY 23 2019
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

United States of America
v.

MYRON MOTLEY

*Defendant*

Case No. 3:19-cr-00027-MMD-WGC

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   MYRON MOTLEY
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Title 21, USC §§ 841(a)(1) and 841(b)(1)(C) - Distribution of Oxycodone (Count Two);
Title 18, USC § 2 - Aiding and Abetting (Count Two)

Date:   05/23/2019

*Issuing officer's signature*

City and state:   Reno, Nevada

WILLIAM G. COBB, U.S. Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JAMES E. KELLER
Assistant United States Attorney
Nevada Bar Number 10636
400 S. Virginia Street, Suite 900
Reno, NV 89501
Phone: (775) 784-5438
James.Keller3@usdoj.gov
Representing the United States of America

```
                FILED         RECEIVED
                ENTERED       SERVED ON
                          COUNSEL/PARTIES OF RECORD

                    MAY 2 3 2019

                CLERK US DISTRICT COURT
                  DISTRICT OF NEVADA
           BY:                         DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDY RAIHALL, and<br>MYRON MOTLEY,<br><br>Defendants. | No. 3:19-cr-00027-MMD-WGC<br><br>**INDICTMENT FOR VIOLATIONS OF:**<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) –<br>Distribution of Oxycodone, a schedule II<br>controlled substance (Counts One and Two)<br><br>18 U.S.C. § 2 – Aiding & Abetting<br>(Counts One and Two) |

THE GRAND JURY CHARGES THAT:

<u>**COUNT ONE**</u>
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about March 27, 2019, in the State and District of Nevada,

RANDY RAIHALL,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT TWO
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about March 27, 2019, in the State and District of Nevada,

MYRON MOTLEY,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION
(Distribution of Oxycodone)

1. The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts One and Two of this Indictment,

RANDY RAIHALL, and
MYRON MOTLEY

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense;

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 841(a)(1);

defendants herein, shall forfeit to the United States of America, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 841(a)(1);

defendants herein, shall forfeit to the United States of America, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1);

an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated pursuant to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C) (property).

3. If any property being subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any properties of the defendants for the property listed above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 841(a)(1).

DATED this 23rd day of May 2019.

A TRUE BILL:

/s/

_____
FOREPERSON OF THE GRAND JURY

NICOLAS A. TRUTANICH
United States Attorney

_____
JAMES E. KELLER
Assistant United States Attorney